<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY ROE, | |
|                Plaintiff, | Civil Action No. 19-19084 (MAS) (ZNQ) |
|         v. | **MEMORANDUM OPINION** |
| THE ARC MERCER, INC., et. al. | |
|                Defendants. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant The Arc Mercer, Inc.'s ("Defendant") Motion to Dismiss for failure to state a claim and for lack of jurisdiction. (ECF No. 4.) Plaintiff Amy Roe ("Plaintiff") opposed (ECF No. 8), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## I.    <u>BACKGROUND</u>

This matter arises from Plaintiff's alleged wrongful termination by Defendant, her employer. Plaintiff is a resident of Pennsylvania. (Compl. ¶ 4, ECF No. 1.) Defendant is incorporated in New Jersey and has its principal place of business in New Jersey. (*Id.* ¶ 5.) Defendant LRV Consulting ("LRV") served as a human resources consultant for Defendant; it's "principal corporate headquarters" is in Pennsylvania.[1] (*Id.* ¶ 6.)

---

[1] LRV has not been served in this matter. (*See* Unexecuted Waiver of Service, ECF Nos. 3, 6.)

Plaintiff began working for Defendant in August 2018. (*Id.* ¶ 13.) Plaintiff's job responsibilities included working with developmentally disabled adults. (*Id.* ¶ 15.) Upon Plaintiff's hiring, she completed a medical questionnaire, stating she was "required and instructed by her treating physicians to take three medications in the morning with plenty of water." (*Id.* ¶ 23.)

On September 27, 2018, Plaintiff was subjected to a random drug screening by Defendant. (*Id.* ¶ 35.) These drug screenings are required by New Jersey state law for employees working with developmentally disabled patients. (*Id.* ¶ 30.) After the drug screen, Plaintiff was told by Defendant's human resources department that her result was a "negative dilute." (*Id.* ¶ 39.) Plaintiff replied that this was a result of her medication and other factors. (*Id.* ¶ 42.) On October 26, 2018, Plaintiff was subjected to another random drug screen. (*Id.* ¶ 46.) The result of this drug screen was another "negative dilute." (*Id.*) On November 13, 2018, due to the results from the drug screens, Plaintiff was terminated from her employment with Defendant. (*Id.* ¶¶ 52, 54.)

Plaintiff alleges the drug test results were pretexts to terminate her from her employment. (*Id.* ¶ 71.) Plaintiff alleges she was wrongfully terminated because she disclosed unethical and unlawful practices by Defendant and her termination was in retaliation of her exercise of free speech under the First Amendment. (*Id.* ¶¶ 72, 89.) Plaintiff's Complaint alleges nine counts against Defendant and LRV. (*See generally id.* ¶¶ 77–149.) Plaintiff alleges one count under 42 U.S.C. § 1983 for a violation of her rights under the First Amendment of the United States Constitution. (*Id.* ¶¶ 86–97.) The other eight counts are common law or New Jersey statutory claims. (*See id.* ¶¶ 7785, 98149). Plaintiff asserts the Court has subject matter jurisdiction based on diversity of citizenship and federal question jurisdiction over her § 1983 claim. (*Id.* ¶ 2.)

Defendant moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. to Dismiss, ECF No. 4.) Defendant asserts Plaintiff's § 1983 should

be dismissed for failure to state a claim because Plaintiff fails to plead that Defendant is a state actor amenable to suit under § 1983. (Def.'s Moving Br. 3–4, ECF No. 4-1.) Defendant argues that the Court lacks diversity jurisdiction over the matter, and, once Plaintiff's § 1983 claim is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims. (*Id.* at 10–12.)

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011). "First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-

3

defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III.   DISCUSSION

### A.   Plaintiff's § 1983 Claim Must be Dismissed

The First Amendment of the United States Constitution provides, "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. "[T]he Fourteenth Amendment makes the First Amendment's Free Speech Clause applicable against the [s]tates . . . ." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). "[T]he Free Speech Clause prohibits only *governmental* abridgment of speech. The Free Speech Clause does not prohibit *private* abridgment of speech." *Id.* (emphasis in original) "[A] private entity can qualify as a state actor in a few limited circumstances . . . ." *Id.* Plaintiff relies upon two tests to determine whether state action exists: the close nexus test and the symbiotic relationship test.[2] (Pl.'s Opp'n Br. 10 (citing *Donlow v. Garfield Park Academy*, No. 09-6248, 2010 WL 1630595, at *4–5 (D.N.J. Apr. 21, 2010), ECF No. 8.)

Under the close nexus test, "state action will be found if there is a sufficiently close nexus between the state and the *challenged* action of the regulated entity so that the action may be fairly treated as that of the [s]tate itself." *Kach v. Hose*, 589 F.3d 626, 648 (3d Cir. 2009) (internal quotation marks and citation omitted). "The purpose of this requirement is to assure that

---

[2] In attempting to show state action, Plaintiff principally relies upon *Donlow v. Garfield Park Academy*, No. 09-6248, 2010 WL 1630595 (D.N.J. Apr. 21, 2010) and its framing of the relevant tests. The Court finds that courts within this circuit are not always consistent in the naming conventions of the tests for state action, but discusses the tests and reasoning as stated by Plaintiff.

4

constitutional standards are invoked only when it can be said that the [s]tate is *responsible* for the *specific conduct* of which the plaintiff complains." *Id.* (emphasis in original) (internal quotation marks and citation omitted). "The [s]tate will be held responsible for a private decision only when it has *exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the [s]tate.*" *Id.* (emphasis in original) (citation omitted).

The symbiotic relationship test "derives from *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961). . . . [and] continues to provide an additional, albeit narrow, basis for finding that private action may fairly be attributed to the state." *Benn v. Universal Health Sys. Inc.*, 371 F.3d 165, 173 (3d Cir. 2004) (internal quotation marks omitted). The Third Circuit has announced that "while *Burton* remains good law, it was crafted for the unique set of facts presented, and we will not expand its reach beyond facts that replicate what was before the Court in *Burton.*" *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 242 (3d Cir. 2002) (en banc). In *Burton*, the Court considered a restaurant located in a state-owned parking facility that refused to serve a customer because of his race. *Id.* at 239–40. The Court found this conduct constituted state action because the state facility was dependent on the revenue from lease of the restaurant: The "profits earned by discrimination not only contribute[d] to, but also [were] indispensable elements in, the financial success of the governmental agency." *Id.* at 240 (internal quotation marks omitted) (quoting *Burton*, 365 U.S. at 724). A symbiotic relationship may exist, then, "by virtue of the close involvement of the state and interdependence of the actors in the association formed *and the challenged activity.*" *M.J.G. v. Sch. Dist. of Phila.*, 774 F. App'x 736, 741 (3d Cir. 2019) (emphasis added) (quoting *Crissman*, 289 F.3d at 240–41)).

By either test, Plaintiff fails to plead facts that amount to state action. Plaintiff relies upon New Jersey's requirement that employees working with the developmentally disabled be subjected to drug testing, and that employees who test positive for drugs may be terminated. (Compl. ¶¶ 30–31.) Although the state may require drug testing for Defendant's employees, Plaintiff must plead the state is "*responsible* for the *specific conduct* of which the plaintiff complains," *Kach*, 589 F.3d at 648, that is, Plaintiff's termination as a resulted of a negative dilute drug test. Plaintiff fails to plead that the state was involved in the decision to terminate Plaintiff, or even that the state's regulations compelled her termination.

Plaintiff also argues that Defendant receives "significant funding" from the state and its operations are "heavily regulated" by the state. (Pl.'s Opp'n Br. 11–12.) Receipt of public funds does not make a private organization's actions attributable to a state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982). And "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the [s]tate . . . . Nor does the fact that the regulation is extensive and detailed." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). Plaintiff fails to plead a close nexus between the state and Plaintiff's termination or any interdependent, mutually beneficial arrangement between Defendant and the state that would amount to a symbiotic relationship. At most, Plaintiff pleads that Defendant required Plaintiff to undergo a drug test, as required by state law, and that Defendant exercised its discretion to terminate Plaintiff as a result of the drug test. Notably, Plaintiff fails to plead any involvement by the state in terminating Plaintiff in retaliation for disclosing Defendant's unethical and unlawful practices. Plaintiff, accordingly, fails to plead that Defendant is a state actor for the purposes of Plaintiff's § 1983 claim, and the Court must dismiss this claim.

6

**B.**     **The Court Declines Supplemental Jurisdiction over Plaintiff's Remaining Claims**

Although Plaintiff originally pleaded that this Court has diversity jurisdiction, (Compl. ¶ 2), Plaintiff now concedes that the Court's only basis for original subject matter jurisdiction is Plaintiff's § 1983 claim. (Pl.'s Opp'n Br. 13–14.) Plaintiff requests that, if the Court dismisses Plaintiff's § 1983 claim, the Court transfer the matter to the Superior Court of New Jersey. (*Id.*)

A district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses the only claim over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

The Court, however, may not transfer this matter to the Superior Court of New Jersey. Districts courts may not transfer a case to state court, and may not remand a case to state court where it was initially filed in federal court. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir. 1983). Instead, the Court must dismiss this matter entirely.

**V.     CONCLUSION**

Because Plaintiff fails to plead that Defendant is a state actor, the Court dismisses Plaintiff's § 1983 claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, and dismisses the Complaint against Defendant.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE